DAVID GOLDER and another *vs.* HENRY FLETCHER.

Kennebec.    Opinion March 6, 1880.

*Stat. 1878, c. 67.   R. S., c. 113, § 50.   Poor debtor.*

A special action on the case for a false disclosure cannot be maintained against a poor debtor disclosing under the provisions of the stat. 1878, c. 67, "to provide additional remedies for the enforcement of judgments."

ON EXCEPTIONS from superior court, Kennebec county, certified to the chief justice by virtue of stat. 1878, c. 10, § 7, January 22, 1880.

Action on the case to recover damages for injuries sustained on account of false swearing of the defendant before a commissioner appointed by the court under c. 67, stat. 1878, "An act to provide additional remedies for the enforcement of judgments."

The writ was dated January 30, 1879, and entered at the April term. Defendant filed a general demurrer which was sustained by the presiding justice of the superior court.

*Daniel C. Robinson,* for the plaintiff.

There is no wrong without a remedy. It was that maxim that occasioned the enactment, 13 Edw. I, c. 24. When the declaration discloses an injury, cognizable by law, though there be no precedent, the common law will judge according to the law of nature and the public good. Injury from the perjury of a witness is cognizable by law. R. S., c. 122, § 1; 2 C. B. 342; 3 Burr. 1771; 1 Bingh. 339; 1 Maine, 324; Broom's Legal Maxims, 193–195. It did not require the interposition of the legislature to provide a remedy. Chase's Blackstone, 678; *Parley* v. *Freeman,* 3 T. R. 51; Com. Dig. Action on the Case for Deceits; Broom's Leg. Max. 785.

*Heath & Wilson,* for the defendant.

APPLETON, C. J.    This is an action against the defendant, a poor debtor, for a false disclosure under the provisions of the act of 1878, c. 67, "to provide additional remedies for the enforcement of judgments."

The statute, under which the proceedings in question have been had, neither expressly nor impliedly, gives a right of action

for a false disclosure. A remedy of this description has its foundation only in some statute by which it is given. *Dyer* v. *Burnham*, 41 Maine, 89.

An action for a false disclosure is provided by R. S., c. 113, § 50. The right of action does not exist at common law. *Dyer* v. *Burnham.* It is given only when the proceedings are by and under c. 113. It is " when a debtor *herein* authorized or required to disclose on oath, willfully discloses falsely, withholds or suppresses the truth," that "the creditor of record or in interest may bring a special action on the case against him," &c.

The present defendant was neither authorized nor required to disclose under any of the provisions of c. 113. The procedure to enforce the disclosure was different. The disclosure was to be had before a different magistrate. By no possible construction can § 50 be held applicable to proceedings under the act of 1878, c. 67.

The party disclosing falsely under the last named act, is amenable to all the penalties imposed for perjury—but no action is given for a false disclosure.

*Exceptions overruled.*

WALTON, BARROWS, DANFORTH, PETERS, LIBBEY and SYMONDS, JJ., concurred.